IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FUTURE LINK SYSTEMS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-634-LPS |
| | ) |
| AMLOGIC HOLDINGS, LTD., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO**
**STAY PENDING COMPLETION OF *INTER PARTES* REVIEW**

OF COUNSEL:
Neel Chatterjee
GOODWIN PROCTER LLP
601 Marshall Street Redwood
City, CA 94063
(650) 752-3100

Christie L. Larochelle
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570 1000

Rachel Walsh
Monte Cooper
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
(415) 733-6000

Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com
hoeschen@shawkeller.com
*Attorneys for Defendant Amlogic Holdings Ltd*

Dated: January 20, 2022

**TABLE OF CONTENTS**

Page

I. NATURE AND STAGE OF THE PROCEEDING............................................................. 1
II. SUMMARY OF THE ARGUMENT .............................................................................. 1
III. STATEMENT OF FACTS ............................................................................................. 2
IV. LEGAL STANDARD..................................................................................................... 4
V. ARGUMENT................................................................................................................... 5
    A. A Stay Will Simplify the Issues................................................................................. 5
    B. The Early Stage of This Case Favors a Stay............................................................. 6
    C. Plaintiff Will Not Be Unduly Prejudiced By a Stay.................................................. 7
VI. CONCLUSION................................................................................................................ 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AgroFresh Inc. v. Essentiv LLC*,
   No. 16-662, 2019 WL 2327654 (D. Del. May 31, 2019) ..........................................................7

*In re Bear Creek Techs. Inc.*,
   No. 11-CV-721, 2013 WL 3789471 (D. Del. July 17, 2013) ....................................................8

*Bio-Rad Lab'ys Inc. v. 10X Genomics, Inc.*,
   No. 18-1679, 2020 WL 2849989 (D. Del. June 2, 2020) ................................................4, 6, 7

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc. et al.*,
   No. 12-cv-1107, 2014 WL 1369721 (D. Del. Apr. 7, 2014) .....................................................8

*Cost Bros. v. Travelers Indem. Co.*,
   760 F.2d 58 (3d Cir. 1985) .......................................................................................................4

*Ethicon LLC v. Intuitive Surgical, Inc.*,
   No. 17-871, 2019 WL 1276029 (D. Del. Mar. 20, 2019) .....................................................4, 5

*Gen. Elec. Co. v. Vibrant Media Inc.*,
   No. 1:12-cv-00526, 2013 WL 6328063 (D. Del. Dec. 4, 2013) ...............................................5

*Huvepharma Eood & Huvepharma, Inc. v. Associated Brit. Foods, PLC*,
   No. 18-129, 2019 WL 3802472 (D. Del. Aug. 13, 2019) ................................................4, 5, 8

*Invensas Corp. v. Samsung Elecs. Co.*,
   No. 17-1363, 2018 WL 4762957 (D. Del. Oct. 2, 2018) ..........................................................8

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
   No. 18-452, 2019 WL 3943058 (D. Del. Aug. 21, 2019) .....................................................5, 6

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
   No. 12-1744, 2013 WL 3353984 (D. Del. July 2, 2013) ..........................................................7

*PLC v. IAC/InterActiveCorp*,
   No. 18-366, 2019 WL 4740156 (D. Del. Sept. 27, 2019) ................................................5, 6, 7

*Princeton Digit. Image Corp. v. Konami Digit. Ent. Inc.*,
   No. 12-1461, 2014 WL 3819458 (D. Del. Jan. 15, 2014) ........................................................8

*SZ DJI Tech. Co. v. Autel Robotics USA LLC*,
   No. 16-706, 2019 WL 1244948 (D. Del. Mar. 18, 2019) .........................................................8

Defendant Amlogic Holdings, Ltd. ("Amlogic" or "Defendant") moves to stay the instant action pending completion of a now instituted *inter partes* review ("IPR") of the sole patent asserted in this action, U.S. Patent No. 7,917,680 ("the '680 patent"). On January 7, the Patent Trial and Appeal Board ("PTAB") instituted review of all challenged claims (claims 1, 2, and 7-14) of the '680 patent based on an IPR filed by third party Realtek.[1] Granting a stay at this early stage in the litigation will conserve the Court's and the parties' resources without causing any undue prejudice to Plaintiff Future Link Systems, LLC ("Future Link" or "Plaintiff")[2].

## I.   NATURE AND STAGE OF THE PROCEEDING

Future Link filed this action for patent infringement against Amlogic on April 30, 2021, alleging infringement of "at least claim 1" of the '680 patent. D.I. 1, ¶ 15. Amlogic filed a motion to dismiss for lack of patentable subject matter on July 15, 2021 (D.I. 8), which was denied without prejudice after oral argument on November 22, 2021. D.I. 29. The Court entered a scheduling order on January 5, 2022. D.I. 33. The parties served initial disclosures on January 10, 2022. D.I. 34, 35. No other discovery has begun and the parties have not yet submitted a proposed protective order.

## II.   SUMMARY OF THE ARGUMENT

Granting a stay of the instant case will conserve both the parties' and the Court's resources. Indeed, not only will the IPR process substantially streamline the issues in this litigation, it may eliminate the need for a trial altogether. All factors this Court should consider weigh in favor of granting a stay pending completion of the IPR.

---

[1] As noted herein, Amlogic is willing to consent to the full scope of estoppel as if it had filed the IPR, assuming the IPR goes to a final decision on the merits.
[2] Pursuant to L.R. 7.1.1, counsel for the parties conferred on January 14, 2022 in a good-faith attempt to resolve this motion by agreement. Counsel for Future Link indicated it is opposed to a stay.

1

1.      *First*, a stay is likely to simplify the issues for trial, and could possibly eliminate the need for a trial if all asserted claims are invalidated.  Even if one or more claims survives review, the IPR proceedings will benefit the Court and the parties by at least expanding the scope of intrinsic evidence resulting from claim construction before the PTAB.  Furthermore, Amlogic is willing to consent to the full scope of estoppel that it would have been bound by if it were a party to the IPR proceedings, thereby simplifying this litigation.

2.      *Second*, the infancy of this litigation supports a stay.  Although a scheduling order was recently entered, discovery has not yet begun.  Staying the action now will avoid needless discovery and will conserve the Court's resources.

3.      *Third*, Future Link will not suffer undue prejudice or a tactical disadvantage if the stay is granted.  Amlogic requested Future Link's position on the stay the day it learned that the IPR was instituted and promptly filed this motion, less than a week after learning Future Link's position on the motion.  Furthermore, the parties' relationship does not favor denying this motion.  Future Link and Amlogic are not competitors.  Indeed, Future Link is not a market participant and, therefore, will not suffer undue prejudice from a delay in this litigation.

### III.    STATEMENT OF FACTS

This case is in its infancy.  No discovery requests have been served by either party, no documents have been produced by either party, no infringement or invalidity contentions have been served, and claim construction and expert discovery deadlines are months in the future.  Trial is nearly two years away, currently scheduled for the week of October 16, 2023.

On March 16, 2021, about six weeks prior to filing the instant action, Future Link separately filed suit against Apple Inc. ("Apple"), Broadcom Inc. ("Broadcom"), and Qualcomm, Inc. ("Qualcomm") in the Western District of Texas, alleging infringement of *inter alia*, the '680 patent.  Civ. Act. Nos. 21-cv-263, 21-cv-264, and 21-cv-265.  On April 13, 2021, Future Link

filed suit against Realtek Semiconductor Corp. ("Realtek") in the Western District of Texas, again alleging infringement of, *inter alia*, the '680 patent. Civ. Act. No. 21-cv-363. The instant suit was filed on April 30, 2021.

On June 25, 2021, Realtek filed a petition for *inter partes* review of claims 1, 2, and 7-14 of the '680 patent, IPR2021-01182. Ex. A (Realtek Semiconductor Corp.'s Petition for *Inter Partes* Review of U.S. Patent No. 7,917,680). On January 7, 2022, the PTAB instituted review of all challenged claims. Ex. B (United States Patent and Trademark Office Decision Granting Institution of *Inter Partes* Review of U.S. Patent No. 7,917,680)[3] A decision is expected within one year of institution, i.e., no later than January 7, 2023, over six months prior to the scheduled trial date in this instant case.

Realtek's instituted petition is not the only one that has been filed. Indeed, on August 12, 2021, Qualcomm filed a separate petition for *inter partes* review of all claims (including those not challenged in the Realtek petition) of the '680 patent, IPR2021-01396. Ex. F (Qualcomm Inc.'s Petition for *Inter Partes* Review of U.S. Patent No. 7,917,680). The Qualcomm petition involves one reference in common with the Realtek petition, but relies on additional art and applies the common reference in a different way than in the Realtek petition. *Id.* at 18 (Qualcomm Inc.'s Petition for *Inter Partes* Review of U.S. Patent No. 7,917,680). An institution decision is expected for the Qualcomm petition by February 19, 2022.

---

[3] Notably, in 2016, when separate litigation not involving Amlogic was pending before this Court, Intel Corporation filed a petition for *inter partes* review of the '680 patent, IPR2016-01401, citing the same prior art at issue in the Realtek IPR. Ex. C (Intel Corporation's Petition for *Inter Partes* Review of U.S. Patent No. 7,917,680). The PTAB granted that petition on December 30, 2016. Ex. D (United States Patent and Trademark Office Decision Granting Institution of *Inter Partes* Review of U.S. Patent No. 7,917,680). However, that petition was terminated on Joint Motion of the parties on August 17, 2017, after Intel and Future Link settled the underlying litigation. Ex.E (United States Patent and Trademark Office Decision Granting Joint Motion to Terminate IPR2016-01401).

Likewise, on November 18, 2021, Apple filed a third petition for *inter partes* review of claims 1-10 and 12-20 of the '680 patent, IPR2022-00209. Ex. G (Apple Inc.'s Petition for *Inter Partes* Review of U.S. Patent No. 7,917,680). The Apple petition involves different prior art from both the Realtek and Qualcomm petitions. The Patent Owner's preliminary response is due no later than February 28, 2022 and an institution decision is expected no later than May 28, 2022.[4]

## IV.   LEGAL STANDARD

The decision to stay litigation "is committed to the district court's discretion, since it is a matter of the court's inherent power to conserve judicial resources by controlling its own docket." *Cost Bros. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). Courts in this district routinely grant stays pending resolution of instituted IPR petitions, recognizing the benefits of a stay to the Court and the parties. *Bio-Rad Lab'ys Inc. v. 10X Genomics, Inc.*, No. 18-1679, 2020 WL 2849989, at *1 (D. Del. June 2, 2020); *Huvepharma Eood & Huvepharma, Inc. v. Associated Brit. Foods, PLC*, No. 18-129, 2019 WL 3802472, at *1 (D. Del. Aug. 13, 2019); *Ethicon LLC v. Intuitive Surgical, Inc.*, No. 17-871, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019).

Courts weigh three factors in determining whether a stay is appropriate: "(1) whether a stay will simplify the issues for trial, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Ethicon LLC*, 2019 WL 1276029, at *1.

---

[4] If all three petitions are instituted, they will all reach final PTAB decisions prior to the currently scheduled trial date.

## V.     ARGUMENT

### A.     A Stay Will Simplify the Issues.

A stay of this litigation will simplify the issues for trial and may obviate the need for trial altogether.  Since Amlogic consents to the statutory estoppel it would be bound by if it were a party to the IPR, "the only question is not whether the IPR results will simplify the trial, but what the extent of simplification will be."[5]  *Huvepharma Eood,* 2019 WL 3802472, at *1.

As an initial matter, there is the potential that all challenged claims will be invalidated, a result that would indisputably simplify the issues in this litigation.  To date, Future Link has only asserted "at least claim 1" against Amlogic.  Claim 1 is subject to the instituted IPR.  To the extent that Future Link newly argues[6] that any unchallenged claims will be subject to this litigation, this action would still be simplified.  Indeed, district courts frequently stay cases pending IPR proceedings even if the IPR involves fewer than all claims asserted in the litigation, reasoning that it is highly likely that the IPR will result in simplification of the district court proceeding.  *See, e.g., British Telecomm.'s PLC v. IAC/InterActiveCorp*, No. 18-366, 2019 WL 4740156, at *7 (D. Del. Sept. 27, 2019); *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452, 2019 WL 3943058, at *9 (D. Del. Aug. 21, 2019); *Ethicon LLC*, 2019 WL 1276029, at *2.

And, as noted, despite the fact that Amlogic is not a party to the Realtek IPR, Amlogic consents to the statutory estoppel.  Therefore, should any claims survive review, certain invalidity defenses that would otherwise have been tried will be unavailable.  *Gen. Elec. Co. v. Vibrant Media Inc.*, No. 1:12-cv-00526, 2013 WL 6328063, at *1 (D. Del. Dec. 4, 2013) ("Regardless of their outcome, the IPR proceedings will simplify this case, as [defendant] will be

---

[5] Amlogic confirms that if the Qualcomm and/or Apple petitions are instituted, it would also agree to be bound by the statutory estoppel provisions as they apply to those petitions.
[6] Future Link has not stated that a stay is improper due to non-overlapping claims.

5

estopped from contending that certain prior art invalidates the asserted claims and/or some or all of the asserted claims will be invalidated.").

Furthermore, once the IPR proceeding is completed, this Court will have the benefit of the claim construction record from the IPR. Claim construction has not yet begun in this case. In fact, the parties are not due to exchange their lists of terms for construction until May 31, 2022. D.I. 33 at 10. Therefore, if this case is stayed, the Court will benefit from the PTAB's claim construction findings and any statements made by Future Link regarding claim construction during the IPR proceedings. *See Bio-Rad Lab'ys Inc.*, 2020 WL 2849989, at *1 (noting simplification factor favors stay where court will benefit "from more intrinsic evidence relevant to claim construction.").

Therefore, the simplification factor strongly favors granting the stay.

### B. The Early Stage of This Case Favors a Stay.

A stay pending completion of an IPR is favored when "the most burdensome stages of the cases—completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice—all lie in the future." *IOENGINE, LLC*, 2019 WL 3943058, at *5. Here, the "most burdensome stages" of this case are in the distant future. No written discovery has been served, neither party has produced a single document, and both claim construction and expert discovery are months away. Trial is set for October 2023, nearly two years from now and over six months after a final written decision is expected in the Realtek IPR. Therefore, this factor weighs strongly in favor of a stay. *Bio-Rad Lab'ys Inc.*, 2020 WL 2849989, at *1 (stay favored where "document production is not substantially complete, no depositions have been taken, the *Markman* hearing has not yet been conducted, expert discovery has not begun, and trial is more than a year away."); *British Telecomm.'s PLC*, 2019 WL 4740156, at * (stay favored where

6

claim construction briefing completed, but "[n]o interrogatories have been answered, no depositions have been taken, and expert reports have not been served.").

### C. Plaintiff Will Not Be Unduly Prejudiced By a Stay.

Courts consider four factors in determining whether a stay would be prejudicial to the non-moving party: "(1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *British Telecomm.'s PLC,* 2019 WL 4740156, at *5. Although a stay could delay any final disposition of this case, "the mere potential for delay, however, is insufficient to establish *undue* prejudice." *Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12-1744, 2013 WL 3353984, at *2 (D. Del. July 2, 2013) (emphasis in original).

First, the Realtek IPR was filed approximately two months after Future Link filed suit against Realtek, and after this case was brought against Amlogic. Accordingly, there is no basis to here conclude that the Realtek IPR petition was timed in an attempt to delay Future Link's claims against Amlogic or any other party.

Second, Amlogic's request for a stay is timely. The Realtek IPR was instituted on Friday, January 7, 2022. The parties conferred on Friday, January 14, at which time Future Link indicated it was opposed to a stay. This motion was filed less than a week after the meet-and-confer. *Bio-Rad Lab'ys Inc.*, 2020 WL 2849989, at *2 (finding diligence where motion to stay was filed nine days after institution decision); *British Telecomm.'s PLC*, 2019 WL 4740156, at *5 (finding no prejudice to plaintiff where motion to stay was filed ten days after institution decision); *AgroFresh Inc. v. Essentiv LLC*, No. 16-662, 2019 WL 2327654, at *2 (D. Del. May 31, 2019) (finding no prejudice where court notified of institution decision within "[a] few weeks" and motion to stay was filed "a few weeks after that."). Furthermore, an earlier request would have been premature as courts in this district regularly deny requests for stays made prior

7

to institution of the IPR. *Invensas Corp. v. Samsung Elecs. Co.*, No. 17-1363, 2018 WL 4762957, at *6 (D. Del. Oct. 2, 2018) (denying motion to stay prior to PTAB's decision whether to institute proceedings); *Princeton Digit. Image Corp. v. Konami Digit. Ent. Inc.*, No. 12-1461, 2014 WL 3819458, at *5 (D. Del. Jan. 15, 2014) (denying motion to stay prior to PTAB's decision whether to institute proceedings). Thus, Amlogic's diligence in bringing this motion weighs in favor of a stay.

Third, the status of the review proceedings will not prejudice Future Link. The IPR has been instituted, and it will proceed to final decision months before trial is scheduled in this case. In contrast, denying a stay would require the parties and the Court to address the same claim construction and invalidity issues in parallel with the PTAB proceedings. This duplication of effort would itself be prejudicial to all parties and the Court. *See Huvepharma Eood*, 2019 WL 3802472, at *1 ("Plaintiffs contemplate having anticipation and obviousness tried twice, whereas a stay will mean that those issues will only need to be tried once.").

Fourth, the parties' relationship does not weigh against a stay. Future Link is not a market participant and thus "will not suffer any loss of market share or erosion of goodwill due to a stay." *Princeton Digit. Image Corp.*, 2014 WL 3819458, at *6; *see also SZ DJI Tech. Co. v. Autel Robotics USA LLC*, No. 16-706, 2019 WL 1244948, at *2 (D. Del. Mar. 18, 2019) ("[T]he stay of proceedings with respect to a patent Autel does not practice will not greatly harm Autel."); *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc. et al.*, No. 12-cv-1107, 2014 WL 1369721, at *5 (D. Del. Apr. 7, 2014) (holding plaintiff's status "as a non-practicing entity, rather than a market participant, suggests there is little risk that it will lose sales or goodwill in the market" if a stay is granted). Thus, even if this case ultimately proceeds against Amlogic, Future Link has an adequate remedy available in the form of monetary damages. *In re*

8

*Bear Creek Techs. Inc.*, No. 11-CV-721, 2013 WL 3789471, at *3 n.8 (D. Del. July 17, 2013) (finding no undue prejudice where non-practicing plaintiff "can be compensated by money damages, including any appropriate interest accrued during the stay.").

None of the undue prejudice factors warrants denying this motion. Therefore, given the potential for simplification of the issues and the early stage of this case, all factors strongly support staying this case pending completion of the Realtek IPR.

## VI. CONCLUSION

For the foregoing reasons, Amlogic respectfully requests that the Court stay the instant action pending completion of the Realtek IPR.

OF COUNSEL:
Neel Chatterjee
GOODWIN PROCTER LLP
601 Marshall Street Redwood City, CA 94063
(650) 752-3100

Christie L. Larochelle
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570 1000

Rachel Walsh
Monte Cooper
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
(415) 733-6000

Dated: January 20, 2022

/s/ Nathan R. Hoeschen
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com
hoeschen@shawkeller.com
*Attorneys for Defendant Amlogic Holdings Ltd*

9